EDWARDS, Judge.
Defendants, John Lalonde, III, his employer, and their insurer, Casualty Reciprocal Exchange, appealed the trial court’s grant of a motion for a judgment notwithstanding the verdict (JNOV) as to quantum and the subsequent increase in the damages. We reverse and reinstate the jury’s award of damages.
Plaintiff, Sterling Mackie, Sr. and his wife were involved in a traffic accident. They were passengers in a vehicle that was struck from behind by a truck driven by Mr. Lalonde. As a result of that accident, Mr. Mackie suffered minor injuries and Mrs. Mackie was killed instantly.
Mr. Mackie filed suit to recover damages that he sustained and for the loss of his wife. Liability was not contested. The jury awarded the following damages:
For Sterling Mackie Sr.’s:
Physical pain and suf- $ 1,000.00 fering
Mental pain, anguish 1,000.00 and emotional distress
Funeral and past medi- 3,338.95 cal bills
Future medical bills 500.00
Loss of consortium, ser- 55,000.00 vices, society, due to death of his wife, Julia Mackie
Loss of support -0-
The plaintiff moved for a JNOV and sought an increase in the damage award. The trial court granted the motion and added $45,000 to the general damage award for the loss of Mrs. Mackie and awarded $19,295 for loss of support based on the loss to Mr. Mackie of his wife’s social security benefits over her lifetime.
Mr. and Mrs. Mackie were 77 years old at the time of the accident and in failing health. Mr. Mackie had a history of congestive heart failure and prostate problems. Mrs. Mackie suffered from high blood pressure, hypertension, and arthritis. The fourteen year marriage to Mrs. Mackie was Mr. Mackie’s third. They had no children from the marriage. Mrs. Mackie cleaned house, cooked, administered her husband’s medicine and attended church services with him. A psychologist testified that Mr. Mackie was depressed and lonely since the death of his wife. One of Mr. Mackie’s five children moved in with him after the accident to care for him, and he *523 was regularly visited by his children and his grandchildren.
Mrs. Mackie received $219 a month from the Social Security Administration. After Mrs. Mackie’s death, Mr. Mackie’s social security benefits were raised to $455 because of his widower status.
Defendants argue that the trial court erred in its grant of the motion for a JNOV because the jury made proper inferences and the amounts awarded by the jury were reasonable and within their discretion. Defendant asserts that the jury considered the health and ages of the Mackies in making its award and believed that Mrs. Mack-ie’s social security benefits only covered her personal expenses.
The plaintiff cites several cases, similar only in their diversity of facts, in support of the increase of general damages; notably Fruge v. State, Dept. of Transportation & Development, 536 So.2d 745 (La.App. 3rd Cir.1988), cert. denied, 538 So.2d 593 (La.1989), a case relied on by the trial judge. In Fruge, the court reviewed wrongful death awards for a spouse and determined that $100,000 was the most common award, although the awards ranged from $7500 to $200,000. Fruge, 536 So.2d at 753 citing Thomas v. State Farm Ins. Co., 499 So.2d 562, 566 (La.App.2d Cir.1986), cert. denied, 501 So.2d 213, 215 (La.1987). The plaintiff also argues that Mr. Mackie is entitled to an award equal to the loss of Mrs. Mackie’s social security benefits projected over her lifetime.
In reviewing a JNOV, the appellate court must first determine if the trial court erred in granting the JNOV. This is done by using the ... criteria ... [used by] the trial judge ... in deciding whether to grant the motion or not, i.e. do the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict? If the answer to that question is in the affirmative, then the trial judge was correct in granting the motion. If, however, reasonable men in the exercise of impartial judgment might reach a different conclusion, then it was error to grant the motion and the jury verdict should be reinstated.
Anderson v. New Orleans Public Service, 583 So.2d 829, 832 (La.1991).
The appellate court, in determining whether the trial court erred in granting the JNOV as to quantum, ... uses the [same] criteria ... i.e., could reasonable men in the exercise of impartial judgment differ as to the fact that the jury award was either abusively high or abusively low. If the answer is in the affirmative, then the trial court erred in granting the JNOV, and the jury’s damage award should be reinstated. On the other hand, if the answer is in the negative, then the trial court properly granted the JNOV, and its damage award based on its independent assessment of the damages is the judgment of the trial court which is reviewed on appeal under the constraints of Coco [v. Winston Industries, Inc., 341 So.2d 332 (La.1976)].
Anderson, 583 So.2d at 834.
“[P]rior awards have a very limited function in the [trier of fact’s] determination of a proper general damage award.... A [trier of fact] is not constrained by prior awards to set the amount of damages at some predetermined amount.” Anderson, 583 So.2d at 834.
Factors which should be weighed in determining the amount due for loss of support include the decedent’s present earnings, age and life expectancy, worklife expectancy, the possibility of a decrease or increase in earnings, the decedent’s job security, the nature of decedent’s work, health, relationship with his family, personal expenses and past work record. Other factors are the surviving spouse’s age and health, the minor children’s age, and the effects of inflation and the need to discount future earnings to a present day amount. In short, all factors relevant to a determination of the amount of the loss of support due to the premature demise of the decedent should be considered. Blanchard v. Rodrigue, 340 So.2d 1001, 1005 (La.App. 1st Cir.1976), cert. denied, 341 So.2d 1129, 1130 (La.1977). Decedent’s personal expenses can be deducted from any calculation of lost support. Roundtree v. Techni *524 cal Welding & Fabrication Co., 364 So.2d 1325, 1334 (La.App. 4th Cir.1978), cert. denied, 367 So.2d 389 (La.1979) (overruled on a narrow issue not in dispute here, Harris v. Tenneco Oil Co., 563 So.2d 317, 326 (La.App. 4th Cir.), cert. denied, 568 So.2d 1062 (La.1990)).
After a review of the required criteria, we find that the trial court erred in its grant of the motion for a JNOY. The facts and inferences do not point so strongly and overwhelmingly in favor of the plaintiff that reasonable jurors could not have arrived at different conclusions. Reasonable men in the exercise of impartial judgment could differ as to whether the jury award was abusively low.
The jury could have reasonably inferred that, although Mr. Mackie certainly suffered because of the loss of his wife, the couple’s ages, health, and the circumstances of Mr. Mackie’s life before and after the accident were factors to be considered. Based on these factors, we cannot say that an award of $55,000 for loss of consortium, society, and services was abusively low.
Reasonable jurors could also have differed on whether Mrs. Mackie’s social security benefits should have been awarded as lost future support. The jury could have reasonably inferred that Mrs. Mackie’s social security benefits covered only her personal needs and should not be calculated as lost support to Mr. Mackie. The jury was aware that Mr. Mackie had already received an increase in his social security benefits due to his widower status. Because the social security benefits were apparently Mrs. Mackie’s only income, the failure to grant an award for loss of support was not abusive.
For these reasons, we reverse the trial court’s grant of the JNOY and reinstate the award of damages by the jury. The costs of this appeal and the trial costs for the grant of the JNOV are assessed to plaintiff, Sterling Mackie, Sr.
REVERSED AND RENDERED.